## IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2014 MAY 22 AM 10: 55

CLERK OF COURT

BY:_____

| | |
|---|---|
| ROSARIO S. BAUTISTA and MANUEL C. SHOLING, <br><br> Plaintiffs. <br><br> vs. <br><br> FRANCISCO TORRES, Individually and as the Previous Special Administrator and Now Executor of the Estate of Jesus U. Torres, Deceased and PETER F. PEREZ, <br><br> Defendants. | Civil Case No. CV0471-07 <br><br> DECISION AND ORDER: Plaintiffs' Motion for Partial Summary Judgment; Plaintiffs' Motion for Evidentiary Presumption <br> Re: Defendant Peter Perez |
| DANIEL U. TORRES and BARBARA M. DeMELLO, TRUSTEE UNDER THE ESTEBAN TORRES FAMILY TRUST DATED MAY 12, 1995 <br><br> Intervenor Plaintiffs. <br><br> vs. <br><br> ROSARIO S. BAUTISTA and MANUEL C. SHOLING, <br><br> Defendants, <br><br> And <br><br> GLORIA C. SHOLING, <br><br> Third-Party Defendant. | |

## INTRODUCTION

This matter came before the Court on the Plaintiffs' Motion for Partial Summary Judgment and Plaintiffs' Motion for Evidentiary Presumption. Attorney Wayson W.S. Wong represented Plaintiffs Rosario Bautista and Manuel Sholing. Attorney David A. Mair represented Defendant Peter Perez. Upon review of the evidence, written arguments, and legal authorities presented, the Court hereby issues this Decision and Order Denying Plaintiffs' motions with regard to Defendant Peter Perez.

## BACKGROUND

On April 23, 2007, Plaintiffs filed a complaint against the Defendant for breach of fiduciary duty, recission and restitution, deceptive trade practices, and negligence. *See* Third Amended Complaint, CV0471-07 (Jul. 10, 2009). This action arose from a 1987 retainer agreement between Ms. Ana Sholing (deceased) and Attorney Jesus U. Torres (deceased) in which Attorney Torres would provide legal services in exchange for ten percent of the monthly rental earnings from the Pacific Island Club Property for a period of twenty five years. *Id.* at ¶¶ 11-12 at 2-3. Plaintiffs allege improprieties in the handling of Plaintiffs' business and financial affairs by Attorney Torres and, following his death, by Defendant Perez.

On May 10, 2010, Defendant Perez moved for Summary Judgment, claiming, among other grounds, that Plaintiffs' claims were time barred by the statute of limitations. On July 7, 2010 Plaintiffs' filed their own Motion for Partial Summary Judgment, arguing that rescission of the contract was warranted based on breach of fiduciary duty and defendant's failure to overcome the presumption of undue influence by Attorney Torres. Plaintiffs' and Intervention Defendants' Motion for Summary Judgment (Partial) Against Defendants and Intervention Plaintiffs, CV0471-07 (Jul. 7, 2010). Plaintiffs also moved for an Evidentiary Presumption on August 23 of that year, arguing that Defendant was responsible for evidence spoliation by failing to preserve the Sholing files. Plaintiffs' Motion for Evidentiary Presumptions Against Defendant Because of Evidence Spoliation, CV0471-07 (Aug. 23, 2010). This Court granted Defendant Perez's Motion for Summary Judgment on April 17, 2013. Decision and Order, Defendant Perez's Motion for Summary Judgment, CV0471-07, (Apr. 17, 2013). In the November 22, 2013 status conference regarding this case, Plaintiffs requested that the Court

issue judgment on their pending motions in light of Defendant Perez's successful dispositive motion. Hearing Minutes, CV0471-07 (Nov. 22, 2013).

## DISCUSSION

The doctrine of Justiciability is a jurisdictional limitation which requires that a live case and controversy exist in order for the Court to issue a decision. *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002). This doctrine "prevents courts from encroaching on the powers of the elected branches of government and guarantees that courts consider only matters presented in an actual adversarial context." *Id.* Thus, if the issues of a case are no longer live or the parties lack a legally cognizable interest in the outcome, the action is considered moot and the court may not exercise jurisdiction. *Id.* (citing *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951 (1969)). Accordingly, Justiciability and Mootness are considered threshold questions, which must be resolved prior to adjudication on the merits of a dispute. *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404 (1971) ("The question of mootness is ... [one which a] court must resolve before it assumes jurisdiction."); *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir.2000) ("Any decision on the merits of a moot case or issue would be an impermissible advisory opinion.").

As a general principle, a court lacks jurisdiction to resolve issues that have become moot by intervening events. *Taitano v. Lujan*, 2005 Guam 26, ¶ 27. This rule applies even if a live controversy existed at the onset of the case, since "[it] must be viable at all stages of the litigation." *Id.* (citing *C & C Products, Inc. v. Messick*, 700 F.2d 635, 636 (11th Cir.1983)). As discussed, courts may not rule upon abstract principles where relief cannot be granted to an injured party. *Guam Election Comm'n v. Responsible Choices for all Adults Coal.*, 2007 Guam

20, ¶ 31 (citing *Town House Dep't Stores v. Ahn*, 2000 Guam 32, ¶ 9). Of particular relevance to the present case, a grant of Summary Judgment renders all motions by the parties moot. *Roberts v. Jones*, 2012 WL 1072232 (W.D. Okla. Feb. 28, 2012) (citing *Royhouse v. Miller,* 2008 WL 2704611, Westlaw op. at 1, 4 & n. 7 (W.D. Okla. June 30, 2008)); *Cheetah Lounge, Inc. v. Sarasota Cnty.*, 387 S.W.3d 10, 14 (Tenn. Ct. App. 2012). This is because granting a dispositive motion for a defendant definitively settles any controversy between the parties and removes the courts ability to grant relief to a plaintiff. *Jones v. Isom*, 477 S.E.2d 139, 141 (Ga. Ct. App. Sep. 26, 1996) (granting a defendant Summary Judgment on statute of limitations renders the plaintiff's motion for partial Summary Judgment moot); *Richards v. Wells Fargo Bank, N. A.*, A13A1678, 2014 WL 503626 (Ga. Ct. App. Feb. 10, 2014) (outside of independent compulsory counterclaims, a Motion for Summary Judgment which resolves all issues renders other motions moot). In this case, the Court has already granted a Motion for Summary Judgment in favor of Defendant Perez. *See* <u>Decision and Order, Defendant Perez's Motion for Summary Judgment,</u> CV0471-07, (Apr. 17, 2013). As such, the controversy is extinguished and the Court no longer possesses jurisdiction to rule on the merits of Plaintiffs' Motions for Partial Summary Judgment or Evidentiary Presumption.

//

//

//

## CONCLUSION

Based on the foregoing reasons, the Court DENIES, as moot, Plaintiffs' Motion for Partial Summary Judgment and Plaintiffs' Motion for Evidentiary Presumption with regard to Defendant Perez.

**SO ORDERED** this _22nd_ day of <u>MAY</u>, 2014.

_Katherine A. Maraman_

HONORABLE KATHERINE A. MARAMAN

Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the
Original hereto was placed in the
court box of:

_Berman, J. Terlaje, J. Tang, M. Phillips_
_Thompson, Latigoot, Sawada, W. Wong, DMR_

Date: _5/22/14_ Time: _1:30 p_

_Deputy Clerk, Superior Court of Guam_